IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES HICKS, #246241, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-148-MEF |
| ) | [WO] |
| ) | |
| DEPT. OF CORRECTIONS, et al., ) | |
| ) | |
| Defendant. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Charles Hicks ["Hicks"], a state inmate, challenges actions taken against him while awaiting medical treatment at the Staton Correctional Facility.

Upon review of the complaint, the court concludes that dismissal of the plaintiff's claims against the Alabama Department of Corrections and the Staton Correctional Facility prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## DISCUSSION

The plaintiff names the Alabama Department of Corrections and Staton Correctional Facility as defendants in this cause of action. The law is well-settled that state agencies are

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a claims in the complaint prior to service of process if it determines that a claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

immune from suit, *Papasan v. Allain*, 478 U.S. 265 (1986), and are not persons within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989). Thus, the plaintiff's claims against the Alabama Department of Corrections are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] Additionally, Staton Correctional Facility is not a legal entity subject to suit or liability under section 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The claims presented by Hicks against the aforementioned defendants are therefore subject to summary dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Alabama Department of Corrections and Staton Correctional Facility be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Alabama Department of Corrections and Staton Correctional Facility be dismissed from this cause of action.

3. This case, with respect to the plaintiff's claims against Richard Allen and Prison Health Services, Inc., be referred back to the undersigned for appropriate proceedings.

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein is equally applicable to the present statute.

It is further

ORDERED that on or before March 7, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of February, 2007.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE