IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES HICKS (AIS# 246241), | * <br> * |
| Plaintiff, | * <br> * |
| v. | *   CIVIL ACTION: 2:07cv148-MEF <br> * |
| ALABAMA DEPARTMENT OF <br> CORRECTIONS, COMMISSIONER <br> RICHARD ALLEN; PRISON HEALTH <br> SERVICES, et al. | * <br> * <br> * <br> * <br> * |
| Defendants. | * |

**MOTION FOR LEAVE OF COURT TO FILE
MOTION TO SET ASIDE ORDER AND,
IN THE ALTERNATIVE, MOTION TO
DISMISS AND MOTION FOR SANCTIONS**

COMES NOW the Defendant, Prison Health Services (hereinafter "PHS"), by and through counsel, and moves this Court to set aside its Order dated February 21, 2007, ordering this Defendant to submit a Special Report and to conduct a detailed investigation into the allegations raised by Charles Hicks in this particular matter. In addition, this Defendant respectfully requests that this Court dismiss, with prejudice, the plaintiff's Complaint for failing to state a claim upon which relief can be granted, for violating the Prison Litigation Reform Act, 42 U.S.C. §1997, et seq. (hereinafter "PLRA") and, finally, the Defendant request sanctions be entered against the plaintiff in the form of costs associated with filing this responsive pleading this ridiculously frivolous claim.

As grounds for this motion, the Defendant states the following:

1.      The current case filed by Mr. Hicks is the **FOURTH** in a recent line of litigation, all of which appear to arise out of similar, interconnected, issues pertaining to medical care provided to Hicks at the Staton Correctional Facility in Elmore, Alabama. This is the **FOURTH** case filed by Hicks since October 2006, the previous being the following:

> Charles Hicks v. Prison Medical Services, et al., Civil Action No. 2:06-CV-990-MEF, United States District Court for the Middle District of Alabama, Northern Division (Judge Charles Coody), filed November 1, 2006, (hereinafter "Charles Hicks #1");
>
> Charles Hicks v. Prison Health Services, et al., Civil Action No. 2:06-CV-1033-WKW, United States District Court for the Middle District of Alabama, Northern Division (Judge Charles Coody), filed November 14, 2006, (hereinafter "Charles Hicks #2"); and
>
> Charles Hicks v. Prison Health Services, et al., Civil Action No. 2:07-CV-142-MHT, United States District Court for the Middle District of Alabama, Northern Division (Judge Charles Coody), filed on or about February 16, 2007, (hereinafter "Charles Hicks #3").

2.      In Charles Hicks #1, the prisoner complained about allegedly improper medical treatment based on his diabetic condition and requests for additional services, including adequate diabetic meals, eye care, and other alleged breaches.

3.      In Charles Hicks #2, Hicks complained that as a diabetic, he had not been receiving proper medical care, causing left leg pain and swelling so significant he could not wear any shoes or walk. Hicks described this condition as an on-going problem for the past seven (7) months and although he claimed to have filed numerous grievances, none were contained in the Prison Health Services' records or the records of the Alabama Department of Corrections concerning this particular condition.

4.      In Charles Hicks #3, Hicks complains that money is being withdrawn from his prisoner account without his knowledge. As to his claims in that lawsuit against Prison Health

Services, Hicks claims that PHS took money from the account for reasons they did not explain. Hicks also complains of being a chronic patient and also expresses concern about the lack of healthcare being provided to him at the Staton Correctional Facility.

5. Finally, in Charles Hicks #4, the prisoner complains about having to wait too long to see a physician at Staton Correctional. Hicks believes that waiting on a physician constitutes deliberate indifference to a serious medical need and forces him "to be treated like an animal that is locked up in a cage."

6. Counsel for PHS is well aware of the procedures in place in the Middle District for handling a 42 U.S.C. §1983 filed by a person incarcerated in a correctional institution within the State of Alabama. Counsel is also familiar with the requirements for filing Special Reports and, as a matter of routine business, has filed multiple Special Reports within the District after conducting the required investigation outlined in this District's standard Order, a copy of which is attached hereto as Exhibit "A". [Exhibit "A" – Charles Hicks (#4) v. PHS Order]. Although this Court's standing Order prohibits Motions for Summary Judgment, Motions to Dismiss, or other dispositive motions being filed, the Court does allow a party to request permission of the Court to file such motions. Normally, PHS would not seek such permission, but will comply with the Court's request to investigate the Complaint and file the appropriate Special Report. However, a fourth lawsuit within a four (4) month period, all allegedly arising out of medical treatment at a single facility no longer borders on perhaps being frivolous, but meets the definition completely. As such, PHS seeks permission from this Court to file this Motion to Dismiss Charles Hicks' latest Complaint, with prejudice.

7. Congress passed the Prison Litigation Reform Act in 1995, 42 U.S.C. §1997, et seq. It is undisputed that the State of Alabama has adopted an administrative grievance

3

procedure that is required to be followed by a prisoner seeking a litigation remedy for an alleged failure to provide proper medical care. [Id.] Under 42 U.S.C. §1997(e)(c), this Court does have the ability to dismiss the exact type case filed by Charles Hicks that is the subject of this particular motion. Therein, Congress adopted the following:

> **(c)    Dismissal**
> The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the revised statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.
>
> (2)    In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the Court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.
>
> 42 U.S.C. §1997(e)(c)

8.    Congress adopted the PLRA to address the exact litigation filed by Charles Hicks in his fourth lawsuit, i.e., to require state prisoners confined in jails to exhaust all available administrative remedies prior to initiating litigation in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L.Ed.2d 12 (2002). A failure to exhaust all internal, administrative procedures requires a District Court to dismiss a prisoner's complaint, especially when the prisoner has not demonstrated its requirement to exhaust all internal administrative procedures pursuant to § 1997(e)(a). Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005).

9.    A review of Hicks' fourth lawsuit demonstrates its frivolous nature. Here, Hicks complains about having to wait six (6) hours to see a physician. Being mindful of his

4

incarceration, one must wonder whether Hicks has ever had an appointment at an upscale specialist for a seriously chronic condition? Here, Hicks has pursued litigation for reasons that clearly do not warrant a finding of a deliberate indifference to a serious medical need nor would they even rise to the level of medical malpractice. Rather, the Complaint demonstrates nothing more than Hicks' ability to obtain forms, draft his name correctly, and place a stamp on an envelope to the United States District Court. Such "skills" and "claims" should not require this Court's attention and, equally important, should not require this Defendant to incur the time and expense necessary to file a more formal Special Report.

  10. In addition, Hicks' fourth lawsuit in four months should also warrant sanctions, pursuant to the PLRA or, in the alternative, Rule 11 of the <u>Federal Rules of Civil Procedure</u>. His claims do not state a claim upon which relief can be granted, pursuant to 42 U.S.C. § 1983 or any other state statute dealing with the administration of medical care, whether it be prisoners or the general public. <u>See</u> 42 U.S.C. § 1983; ALA. CODE § 6-5-551 (the Alabama Medical Liability Act).

  11. Even though Hicks' "Complaint" meets the minimum requirement to pursue litigation in the federal courts, <u>it does not meet the requirements of the PLRA concerning verification of the exhaustion of administrative remedies</u>. In the absence of a complaint which at least refers to an alleged exhaustion of such remedies, the PLRA requires a district court to dismiss a 42 U.S.C. §1983 action without holding an evidentiary hearing or, by analogy, requiring a defendant to file a Special Report. <u>Knuckles-El v. Toombs</u>, 215 F.3d 640 (6th Cir. 2000); certiorari denied, 531 U.S. 1040, 121 S. Ct. 634, 148 L.Ed.2d 542 (2000). Even an amended complaint attempting to cure Hicks' failure to plead exhaustion of administrative remedies is not allowed under the PLRA. <u>Baxter v. Rose</u>, 305 F.3d 486 (6th Cir. 2002).

12.     Another provision of the PLRA requires that any prisoner confined in the jail, prison or other correctional facility must have a prior showing of physical injury in order to maintain litigation in the federal courts. 42 U.S.C. §1997e(e). That section states the following:

> (e)  Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Here, it is undisputed that Hicks has not suffered a physical injury. A review of his Complaint shows that Hicks has suffered as follows:

> Everytime [sic] I go too the doctor at Station [sic] Correctional, I have too [sic] wait along time too [sic] see the doctor. And also, I am a diabetic and everytime [sic] I am there, I always have too [sic] wait a longtime [sic] for my food. I am tried [sic] of being treated like an animal that is locked up in a cage without something too [sic] eat. And tried [sic] of not being treated like an inmate suppose [sic] too [sic] be treated.

13.     PHS routinely adheres to this Court's standing Order requiring a full and complete Special Report to be submitted in opposition to prisoner litigation commenced within the District. However, Charles Hicks' fourth lawsuit in the space of four months, especially given the pathetically weak nature of his claim, requires more direct intervention. This Defendant requests that this Court dismiss Charles Hicks' fourth lawsuit, with prejudice, and tax costs against Mr. Hicks in the amount of $200.00 so that the proper message relating to frivolous litigation can be sent, i.e., frivolous litigation will not be tolerated in the Middle District. Furthermore, Hicks cannot claim ignorance to the administrative exhaustion requirements contained in the PLRA. On or about January 9, 2007, Defendant PHS filed its Special Report in response to Charles Hicks' **FIRST** lawsuit, specifically arguing a need to comply with the PLRA

and its administrative exhaustion requirements. As noted from Charles Hicks' fourth lawsuit, his current complaint only arose on February 15, 2007, leaving him less than five days to comply with the internal procedures that govern prisoner complaints concerning healthcare at Staton Correctional. Technically, it would be impossible for Hicks to have complied with these procedures, which should warrant the assessment of sanctions against Hicks in the amount stated above.

WHEREFORE, all premises considered, this Defendant respectfully requests permission from this Court for leave to file this motion seeking to set aside this Court's Order dated February 21, 2007, and allowing this Defendant to file this Motion to Dismiss. In addition, this Defendant believes this motion is warranted under the circumstances of four separate lawsuits being filed by the same prisoner in the same district within the limited time period outlined above.

Respectfully submitted,

/s/ PAUL M. JAMES, JR.
Alabama State Bar Number JAM017
Attorney for Defendant Prison Health Services, Inc.

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL 36101-0270
Telephone: (334) 206-3148
Fax: (334) 262-6277
E-mail: pmj@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 28th day of February, 2007, to:

Charles Hicks (AIS# 246241)
P. O. Box 220410
Deatsville, AL  36022

/s/  PAUL M. JAMES, JR. (JAM017)
Attorney for Defendant Prison Health
Services, Inc.

Case 2:07-cv-00148-MEF-CSC  Document 4   Filed 02/21/2007   Page 1 of 5

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARLES HICKS, #246241,            )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )   CIVIL ACTION NO. 2:07-CV-148-MEF
                                   )
DEPT. OF CORRECTIONS, et al.,      )
                                   )
    Defendants                     )

**ORDER**

A 42 U.S.C. § 1983 action has been filed by a person incarcerated in an institution of the State of Alabama alleging a violation of civil rights with respect to actions taken against him while awaiting medical treatment at the Staton Correctional Facility. The Magistrate Judge has reviewed the complaint and determined that this pleading cannot be properly and effectively processed by the court without further additional information from defendants Allen and Prison Health Services, Inc. Accordingly, it is hereby

ORDERED that:

1. The defendants undertake a review of the subject matter of the complaint (a) to ascertain the relevant facts and circumstances; (b) to consider whether any action should be taken by prison officials to resolve the subject matter of the complaint; and (c) to determine whether other similar complaints, whether pending in this court or elsewhere, should be considered together.

2. A written report be filed with the court and a copy served upon the plaintiff



within forty (40) days of the date of this order. **The report must contain the sworn statements of all persons having personal knowledge of the subject matter of the complaint.**

    3. <u>All defenses including immunity defenses must be set forth in the written report or such defenses may be waived.</u> Authorization is hereby granted to interview all witnesses, including the plaintiff. <u>Whenever relevant, copies of medical and/or psychiatric records shall be attached to the written report. Where the plaintiff's claim or the defendant's defenses relate to or involve the application of administrative rules, regulations or guidelines, the written report shall include copies of all such applicable administrative rules, regulations or guidelines.</u> **In addressing the claims presented by the plaintiff, the defendant shall furnish copies of all documents, records and regulations relevant to the plaintiff's claims for relief.**

    4. An answer be filed within forty (40) days of the date of this order.

    5. <u>No</u> motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the complaint be filed by any party without permission of the court. If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court.

    6. <u>NOTICE TO PLAINTIFF</u>.

        (a) The *Federal Rules of Civil Procedure* require that the plaintiff mail to

counsel for the defendants or, if no attorney has appeared on behalf of the defendants, the defendants, a true copy of **anything** which he sends to the court. Failure to do so may result in dismissal of this case or other penalties. Anything filed should contain a certificate of service which specifically states that the pleading has been sent to counsel for the defendants. If the pleading does not contain a certificate of service, it will not be accepted for filing.

 (b) With the exception of the complaint and any response ordered by the court, "[n]o other pleading shall be allowed" in this cause of action. Rule 7(a), *Federal Rules of Civil Procedure*.

 (c) Each pleading, motion or other application submitted to the court shall contain "a caption setting forth the name of the court, title of the action, the file number, and a designation[,]" Rule10(a), *Federal Rules of Civil Procedure*, and must be signed by the plaintiff. Rule 11(a), *Federal Rules of Civil Procedure*.

 (d) Every application which requests an order or particular action by the court "shall be [presented] by motion which, unless made during a hearing or trial, shall be made in writing." Rule 7(b)(1), *Federal Rules of Civil Procedure*. The application "shall set forth with particularity the grounds" for the motion and "the relief or order sought." *Id*. Additionally, the request or application for relief must contain a proper caption setting forth a title designation which specifically states the action that the applicant or movant wants the court to undertake. Rules 7(b)(2) and 10(a), *Federal Rules of Civil Procedure*. Any

3

application or request which fails to comply with the directives of the civil rules as outlined in this order will not be accepted by the court for filing.

**The plaintiff is hereby advised that the court will consider only those requests presented in an appropriate motion which is in the proper form. Consequently, any application for relief or request for action *must be contained in the title of the motion* to warrant consideration by the court.**

(e) All amendments to a complaint must be labeled with the words "amendment to complaint" or similar language. Except as permitted by Rule 15(a), *Federal Rules of Civil Procedure*, no amendment to a complaint will be accepted by the court for filing **unless accompanied by a motion for leave to amend**.

(f) **All amendments to the complaint and/or motions to amend must be filed within ninety (90) days of the date of this order and the allegations contained therein must relate to the facts made the basis of the instant complaint.** Proposed amendments or motions to amend filed after this date will be considered untimely. Any such amendments or motions which contain claims unrelated to the claims presented in the original complaint will not be considered by the court.

(g) Plaintiff is informed that this case will proceed as quickly as possible and that he will be informed of all action the court takes.

(h) If plaintiff moves to a different institution or is released, he must immediately inform the court and the defendant of his new address. In so doing, the

4

Case 2:07-cv-00148-MEF-CSC    Document 4    Filed 02/21/2007    Page 5 of 5

plaintiff shall style this notification as a "Notice of Change of Address" and provide a copy of this notice to the defendant.

(i) It is the responsibility of the plaintiff to furnish the clerk's office with accurate addresses for the defendant(s) whom plaintiff wishes to serve. Without accurate addresses, service of process is impossible. It is also the responsibility of the plaintiff to monitor this case to make sure that the persons whom plaintiff wishes to sue have been served. If a person has not been served, he/she is not a party to this lawsuit except in very unusual circumstances.

The plaintiff is specifically **CAUTIONED** that his failure to file motions, pleadings or other papers in conformity with the *Federal Rules of Civil Procedure* and/or the directives contained in this order will result in such documents not being accepted for filing. The CLERK is DIRECTED to not accept for filing any pleadings, motions or other applications submitted by the plaintiff which are not in compliance with either the *Federal Rules of Civil Procedure* or the directives contained in this order.

The CLERK is hereby DIRECTED to furnish a copy of this order to the plaintiff and a copy of this order together with a copy of the complaint to defendants Allen and Prison Health Services, Inc., the General Counsel for the Alabama Department of Corrections and General Counsel for Prison Health Services, Inc.

Done this 21st day of February, 2007.

/s/ Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE