IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES HICKS #246241, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 2:07-cv-148-MEF |
| | ) |
| ALABAMA DEPT. OF CORRECTIONS, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## SPECIAL REPORT AND ANSWER

COME NOW Defendants Commissioner Richard Allen, and the Alabama Department of Corrections, by and through the undersigned counsel in the above-styled action, and file this Special Report and Answer pursuant to the February 21, 2007 Order of this Honorable Court. Defendants state as follow:

### PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he has been denied proper medical care. .

### DEFENDANTS

1.  Richard Allen, Commissioner
    Alabama Department of Corrections
    P.O. Box 301501
    Montgomery, AL 36130

### DEFENSES

Defendant Allen asserts the following defenses to Plaintiff's claims:

1. Defendant Allen denies each and every material allegation contained in Plaintiff's Complaint and demands strict proof thereof.

1

2. Defendant Allen pleads not guilty to the charges in Plaintiff's Complaint.

3. Plaintiff's complaint fails to state a claim upon which relief can be granted.

4. Plaintiff is not entitled to any of the relief requested.

5. Defendant Allen pleads the defense of qualified immunity and avers that any purported action taken by any of him was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by Plaintiff.

6. Defendant Allen is entitled to qualified immunity and avers it is clear from the face of the complaint that Plaintiff has not alleged specific facts indicating that any Defendant violated any clearly established constitutional right.

7. Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

8. The allegations contained in Plaintiff's Complaint against Defendant Allen, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham*, 963 F. 2d 1481, 1485 (11th Cir. 1992); *Arnold v. Board of Educ. of Escambia County, Ala.*, 880 F. 2d 305, 309 (11th Cir. 1989).

9. Defendant Allen pleads all applicable immunities, including but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

10. Defendant Allen was at all times acting under the color of state law and therefore, he is entitled to substantive immunity.

11. Defendant Allen pleads the general defense.

12. This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against Defendant Allen would

amount to mere negligence which is not recognized as a deprivation of Plaintiff's constitutional rights.

13. All claims of Plaintiff against Defendant Allen in his official capacity are barred by the Eleventh Amendment to the United States Constitution.

14. Defendant Allen pleads the affirmative defense that Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to Plaintiff.

15. Defendant Allen pleads the affirmative defense that Plaintiff has failed to mitigate his own damages.

16. Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. §1997e (a) and as such these claims should be dismissed.

17. Defendant Allen pleads the affirmative defense that he is not guilty of any conduct which would justify the imposition of punitive damages against him and that any such award would violate the United States Constitution.

18. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from Defendant Allen who is a state officer entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

19. Defendant Allen reserves the right to raise additional defenses.

## DISCLOSURES

In accordance with the February 21, 2007 Special Report Order, Defendant Allen submits the following initial disclosures:

A. Attached affidavits of:

    1. Richard Allen, Commissioner

B. The following persons may have personal knowledge of the facts relevant to the claims asserted by Plaintiff or the defenses asserted by Defendants:

    Horace Burton, Captain

    Lynn Brown, ADOC Regional Nurse Manager

    Charles Hicks, Plaintiff

C. Clear and legible copies of the documents relevant to claims or defenses asserted in the action are as follows:

    2. Inmate Summary Data

## STATEMENT OF THE FACTS

Plaintiff is an inmate within the Alabama Department of Corrections. He is currently confined at Frank Lee Youth Center in Deatsville, Alabama. Plaintiff is serving a 10-year term for three (3) convictions of Theft of Property I. (Ex. 3)

Plaintiff alleges that he has been denied adequate medical care. This allegation is false.

## ARGUMENT

I. <u>Immunities</u>

As is evident from Plaintiff's complaint, his claims are directed principally toward actions allegedly perpetrated by officials of the Alabama Department of Corrections

4

(ADOC). There are no claims directed specifically toward Defendant Commissioner Allen.

"'It is well established in [the Eleventh] Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.'" Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). Thus, the Commissioner cannot be subjected to suit merely because other state officials or agents who may ultimately answer to them have allegedly violated the law.

There is a requirement for "heightened pleading" that attends section 1983 claims, especially those for which qualified immunity is raised as a defense. See Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003). As the Eleventh Circuit has held, "[i]n civil rights and conspiracy actions, . . . more than mere conclusory notice pleading is required" and "a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). The courts "'generally accord . . . official conduct a presumption of legitimacy.'" Gonzalez, 325 F.3d at 1235 (quoting United States Dep't of State v. Ray, 502 U.S. 164, 179 (1991)).

Defendant Allen is an official or and the Alabama Department of Corrections is an agency of the State of Alabama, Plaintiff's official-capacity claims must be considered to be against the State itself. This, in turn, affords Defendant Allen Eleventh Amendment immunity; the State need not actually be named as a party for such immunity to be available. See Williams v. Bennett, 689 F.2d 1370, 1376 (11th Cir. 1982), cert. denied 464 U.S. 932 (1983). Thus, Plaintiff's federal claims for damages against Defendant

Allen in his official capacity is barred by Eleventh Amendment immunity and should be dismissed.

Defendant Allen is entitled to qualified immunity regarding the individual-capacity federal claims stated in Plaintiff's complaint. The basic test for qualified immunity was stated in Harlow v. Fitzgerald, 457 U.S. 800 (1982):

> [G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate "clearly established" statutory or constitutional rights of which a reasonable person would have known.

457 U.S. at 818. Qualified immunity bars claims "so long as [the defendant's] actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). Further, qualified immunity is not just a bar to damages; it is a bar to suit. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Even allegations of animus by a state actor against a plaintiff are not sufficient to overcome the presumption of qualified immunity. See Hansen v. Soldenwagner, 19 F.3d 573, 578 (11th Cir. 1994) (stating that "[f]or qualified immunity purposes, the subjective motivation of the defendant-official is immaterial"). Also, in Gardner v. Howard, 109 F.3d 427, 429-430 (8th Cir. 1997), the Eighth Circuit held "[q]ualified immunity shields government officials from §1983 damage liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." (Citing Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

The justification for qualified immunity is that such immunity is necessary in order for the government to effectively function. If not for the protections immunity

6

provides, state officials could be subject to suit for every move they make. This action would have a serious chilling effect on the ability of such officials to do their jobs. In sum, state officials should be allowed to exercise discretion in the performance of their duties without fear of a lawsuit around every corner. Mitchell, 472 U.S. at 525-26; see also Hunter v. Bryant, 502 U.S. 224, 229 (1991); Burrell v. Bd. of Trustees of Ga. Military College, 970 F.2d 785, 794 (11th Cir. 1992), cert. denied, 507 U.S. 1018 (1983).

In the present case, Defendant Allen denies that he has violated any clearly established right" of Plaintiff. As such, it is incumbent upon Plaintiff to show that Defendant Allen violated "clearly established constitutional law" in his dealings with Plaintiff. See Zeigler v. Jackson, 716 F.2d 847, 849 (11th Cir. 1983) (holding that it is a plaintiff's burden to rebut a defendant's qualified immunity defense). This, however, has not been demonstrated by Plaintiff. He has alleged no constitutional injury perpetrated by Defendant Allen. Likewise, Plaintiff cannot contend that the Commissioner vicariously harmed him because of the alleged actions of other state officials or agents. See Cottone, 326 F.3d at 1360. Because Plaintiff cannot demonstrate that any of his clearly established constitutional rights have been infringed, qualified immunity bars his attempt to impose liability on Defendant Allen. Therefore, Plaintiff's federal claims against the Defendants in their individual capacities should be dismissed.

Plaintiff simply cannot carry the burden of proof in this case. As argued herein, Plaintiff has not bothered to state with any particularity what Defendant Allen did to become a defendant in this lawsuit. Consequently, it is inconceivable that Plaintiff could marshal the evidence needed to defeat immunity.

## II. Medical Care

Plaintiff alleges that there is a claim for deliberate indifference for medical care. There is a two part analysis that governs an Eighth Amendment challenge to conditions of confinement; first a prisoner must prove that the conditions that he complains of is sufficiently serious to violate Eighth Amendment, and second, under the "subjective component" the prisoner must show that the defendant prison officials acted with sufficiently culpable state of mind with regard to the condition at issue. Severe discomfort is insufficient to establish the objective component. Chandler v. Crosby, 17 Fla. L. Weekly Fed. C. 891 (11th Cir. 2004). Under the objective component, a prisoner must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). Specifically, a prisoner must prove "a serious medical need" or the denial of "the minimal civilized measure of life's necessities." Chandler, 379 F.3d at 1289-1290; (other citations omitted). "The challenged prison condition must be 'extreme'" and must pose "an unreasonable risk of serious damage to his future health." Chandler, 379 F.3d at 1289-90 (quoting Hudson, 503 U.S. at 9) (other citation omitted). Under the subjective component, the prisoner must prove that the prison official acted with "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 837 (1994) (stating that an individual may be held liable under the Eighth Amendment only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); Hudson, 503 U.S. at 8; Wilson v. Seiter, 501 U.S. 294 (1991). To prove deliberate indifference, the prisoner must show that the defendant prison official "'acted

with a sufficiently culpable state of mind' " with regard to the serious prison condition or serious medical need in issue. Chandler, 379 F.3d at 1289-1290 (quoting Hudson, 503 U.S. at 8). Negligence or even gross negligence does not satisfy this standard. Id.; Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir.1996).

Wherefore these premises considered, the Defendants pray that this Honorable Court will find that Plaintiff is not entitled to any relief and this complaint should be dismissed.

> Respectfully submitted,
>
> /s/TARA S. KNEE
> TARA S. KNEE
> ASSISTANT ATTORNEY GENERAL
> ASSISSTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**
Alabama Department of Corrections
Legal Division
Post Office Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3885

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Inmate Charles Hicks
AIS #246241
Frank Lee Youth Center
P.O. Box 220410
Deatsville, AL 36022

> /s/Tara S. Knee
> Tara S. Knee
> Assistant Attorney General
> Assistant General Counsel

9

```
Case 2:07-cv-00148-MEF-CSC   Document 13-2   Filed 04/02/2007   Page 1 of 1

                      DISPLAY INMATE SUMMARY DATA            PRODUCTION
 30/MAR/2007     11:31:00    CDSUM     499     L-TARA    CDSUM01    604
---------------------------------------------------------------------------
 AIS: 00246241    INMATE: HICKS, CHARLES              RACE: B   SEX:  M

 INST: 012-FRANK LEE YOUTH CENTER       JAIL CR: 0319D DOB: 11/02/1961
 SSN: 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 PAR CONS DT: 11/2007  CURR CUST: MIN2  CURR CUST DT:06/01/2006
 ALIAS: HAMPTON, GLENN EDWAR            ALIAS: HICKS, CHARLES EDWAR
 ADM TP: NEW COMIT FROM CRT W/REV OF P  STATUS: NEW COMIT FROM CRT W/REV OF PR
 INIT SENT DT:04/13/2006 ADM DT: 04/13/2006 DEAD TIME: 00Y 00M 00D
                                  N                                      TY
 COUNTY      SENT DT    CASE    L CRIME                      TERM        PE
 JEFFERSON   04/13/2006 001085  Y THEFT OF PROPERTY I        10Y00M00D   CS
 JEFFERSON   04/13/2006 001086  Y THEFT OF PROPERTY I        10Y00M00D   CC
 JEFFERSON   04/13/2006 001087  Y THEFT OF PROPERTY I        10Y00M00D   CC


              NO MORE RCDS THIS TYPE AVAIL
 INMATE HAS 000DISCIPLINARIES RESULTING IN LOSS OF 000Y00M00D OF GOOD TIME.
 INMATE HAS 006TRANSFER RECORDS ON FILE.
 INMATE HAS 03 DETAINER/WARRANT RECORDS ON FILE.
  TOTAL  TERM  REV GOOD TIME  MIN REL DT  TOT GOOD TIME  SHORT DATE  LONG DATE
  010Y 00M 00D  000Y 00M 00D  11/20/2008  002Y 04M 28D   11/20/2008  05/23/2015
```



DEFENDANT'S EXHIBIT

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES HICKS, # 246241, | ) |
| PLAINTIFF, | ) |
| vs. | ) 2:07-CV-148-MEF |
| ALABAMA DEPT. OF CORRECTIONS, ET AL., | ) |
| DEFENDANTS. | ) |

## AFFIDAVIT

STATE OF ALABAMA        X
                        X
MONTGOMERY COUNTY  X

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Richard F. Allen, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Richard F. Allen. I am presently employed as Commissioner of the Alabama Department of Corrections. I am over twenty-one (21) years of age.

I do not know the Plaintiff in this matter and to my knowledge have not had any contact with him. As Commissioner, I do not control the daily operation of the Staton Correctional Facility or any other various institutions of the State, and had no involvement in the alleged incident.

I deny that I have violated the Plaintiff's constitutional rights in any way.

*Richard F. Allen* (signature)
Richard F. Allen
Commissioner

DEFENDANT'S EXHIBIT 2

Charles Hicks # 246241
2:07-CV-148-MEF
Page 2

SWORN TO AND SUBSCRIBED before me this 6th day of March, 2007.

_Kay P. Hope_
NOTARY PUBLIC
MY COMMISSION EXPIRES 3/31/08

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CHARLES HICKS, #246241 )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALABAMA DEPARTMENT OF )<br>CORRECTIONS, et al., )<br>)<br>Defendants. ) | CASE NO. 2:07-CV-64-WKW |

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared John Cummins II, who being known to me, and being by me first duly sworn, deposes and says under oath as follows:

My name is John Cummins II, and I am presently employed as a Correctional Warden III, with the Alabama Department of Corrections, Bullock County Correctional Facility, Post Office Box 5107, Union Springs, Alabama 36089. I am over twenty-one (21) years of age.

I was assigned to Bullock County Correctional Facility on January 16 and 17, 2007, and, therefore, have no knowledge of this incident.

_____
John Cummins II



Page 2

STATE OF ALABAMA)

COUNTY OF BULLOCK)

SWORN TO AND SUBSCRIBED before me and given under my hand and official seal on this the ____31st____ day of January 2007.

_____
NOTARY PUBLIC

My Commission Expires: 2/24/2009.

SEAL