IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARLES HICKS  (AIS# 246241),            *
                                         *
      Plaintiff,                         *
                                         *
v.                                       *     CIVIL ACTION NO.
                                         *     2:07-CV-142-MHT
ALABAMA DEPARTMENT OF                    *
CORRECTIONS, et al.                      *
                                         *
      Defendants.                        *

## SPECIAL REPORT OF DEFENDANT
## PRISON HEALTH SERVICES, INC.

COMES NOW the Defendant, Prison Health Services (hereinafter "PHS"), and in response to this Honorable Court's Order presents the following Special Report with regard to this matter:

## I. INTRODUCTION

The plaintiff/prisoner in this case, Charles Hicks (AIS# 246241), has been incarcerated since April 2006 at various facilities in the State of Alabama.  Regarding this particular complaint, Hicks alleges his place of present confinement is the Frank Lee Youth Center, Deatsville, Alabama.

On or about February 20, 2007, Charles Hicks filed his fourth lawsuit against Prison Health Services, this time asserting complaints that he had to wait too long to see a physician. Hicks' sole and exclusive claim is as follows:

> "Everytime I go too [sic] the doctor at Station [sic] Correctional, I have too [sic] wait along [sic] time too [sic] see the doctor.  And also, I am a diabetic and everytime I am there, I always have too [sic] wait a longtime [sic] for my

food. I am tired of being treated like an animal that is locked up in a cage without something too [sic] eat. And tried [sic] of not being treated like an inmate suppose too [sic] be treated.

[Plaintiff's Complaint, ¶ V]

Defendant PHS is the company currently contracting with the Department of Corrections to provide healthcare services to inmates within the State. Hicks seeks an unknown amount in damages.

In his fourth Complaint, Hicks asserts no cause of action against Prison Health Services arising out of the procurement or failure to provide medical services associated with his incarceration. Instead, Hicks makes allegations regarding the amount of time he has to wait to be seen by Prison Health Services.

Defendant PHS has undertaken a review of Hicks' claims and determined that Hicks' Complaint fails to state a claim rising to the level of deliberate indifference or even general negligence concerning medical services or other claims he could have asserted against PHS.

## II. NARRATIVE SUMMARY OF FACTS

Hicks claims to have been incarcerated with the Alabama Department of Corrections since April 2006. In his latest litigation, Hicks complains about having to wait too long to see a physician at Staton Correctional. Hicks believes that waiting on a physician constitutes deliberate indifference to a serious medical need and forces him "to be treated like an animal that is locked up in a cage." [Plaintiff's Complaint, ¶ V]. Hicks' waits, however, are not extraordinary yet unusual nor do they constitute any particular delay specific to him or his condition. [Exhibit "A" -- Affidavit Darryl Ellis].

2

## III. **DEFENSES**

The Defendant asserts the following defenses to the Plaintiff's claims:

1.      The Plaintiff/prisoner failed to comply with the mandatory requirements of the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e), et seq. ("PLRA") and the PLRA directly applies to require that this matter be dismissed with prejudice for failing to comply with the terms and conditions of grievance procedures concerning medical issues.

2.      The Defendant denies each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

3.      The Defendant pleads not guilty to the charges in the Plaintiff's Complaint.

4.      The Plaintiff's Complaint fails to state a claim against the Defendant for which relief can be granted.

5.      The Defendant affirmatively denies any and all alleged claims by the Plaintiff.

6.      The Plaintiff is not entitled to any relief requested in the Complaint.

7.      The Defendant pleads the defense of qualified immunity and avers that the actions taken by the Defendant was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

8.      The Defendant is entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the Defendant has violated any clearly established constitutional right.

9.      The Defendant cannot be held liable on the basis of respondeat superior, agency, or vicarious liability theories.

10.     The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

11.     The allegations contained in the Plaintiff's Complaint against the Defendant in their individual capacities, fails to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

12.     The Defendant pleads all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

13.     The Defendant avers that it was at all times acting under color of state law and, therefore, it is entitled to substantive immunity under the law of the State of Alabama.

14.     The Defendant pleads the general issue.

15.     This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against the Defendant would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

16.     The Plaintiff's claims against the Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

17.     Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

18.     The Defendant pleads the defense that at all times in treating Plaintiff it exercised the same degree of care, skill, and diligence as other physicians and nursing staff would have exercised under similar circumstances and that at no time did they act toward the Plaintiff with deliberate indifference to a serious medical need.

19.     The Defendant pleads the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render it liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

20.     The Defendant pleads the affirmative defenses of contributory negligence and assumption of the risk.

21.     The Defendant pleads the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

22.     The Defendant pleads the affirmative defense that it is not responsible for the policies and procedures of the Alabama Department of Corrections.

23.     The Defendant pleads the affirmative defense that the Plaintiff has failed to mitigate his own damages.

24.     The Defendant pleads the affirmative defense that it is not guilty of any conduct which would justify the imposition of punitive damages against it and that any such award would violate the United States Constitution.

25.     The Defendant adopts and asserts all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

26.     The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

27.     Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the

Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

28.    The Defendant asserts that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court pursuant to 42 U.S.C. § 1988 to award Defendant reasonable attorney's fees and costs incurred in the defense of this case.

29.    The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. See Marie v. Nickels, 70 F., Supp. 2d 1252 (D. Kan. 1999).

## IV.  ARGUMENT

**A.    The Plaintiff Has Failed To Prove That The Defendant Has Acted With Deliberate Indifference To Any Serious Medical Need.**

Once again, Hicks attempts to allege that Prison Health Services acted with deliberate indifference to a serious medical need relative to either a generally expressed or specifically enumerated condition.    In this case, Hicks claims that significant waits on medical visits constitutes a deliberate indifference to a serious medical need rising to the level of a constitutional violation.    [Plaintiff's Complaint].  As with Hicks' first three suits, his Complaint not only does not rise to such a high level, it fails to state even a claim of medical negligence and is due to be dismissed on its face.

As this Court is well aware, it may dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. Romero v. City of Clanton, 220 F. Supp. 2d 1313, 1315 (M.D. Ala., 2002), (citing, Hishon v. King & Spalding, 467 U.S. 69, 73, (1984). "Procedures exist, including Federal Rule of Civil Procedure 7(a), or Rule 12(e), whereby the trial court may

"protect the substance of qualified immunity," <u>Shows v. Morgan</u>, 40 F. Supp. 2d 1345, 1358 (M.D. Ala., 1999).

In order to state a cognizable claim under the Eighth Amendment, Hicks must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (U.S. 1976); <u>McElligott v. Foley</u>, 182 F.3d 1248, 1254 (11th Cir. 1999); <u>Palermo v. Corr. Med. Servs.</u>, 148 F. Supp. 2d 1340, 1342 (S.D. Fla. 2001). In order to prevail, Hicks must allege and prove that he suffered from a serious medical need, that the Defendants were deliberately indifferent to his needs, and that he suffered harm due to deliberate indifference. <u>See</u> <u>Marsh v. Butler County</u>, 268 F.3d 1014, 1058 (11th Cir. 2001) and <u>Palermo</u>, 148 F. Supp. 2d at 1342. "Neither inadvertent failure to provide adequate medical care nor a physician's negligence in diagnosing or treating a medical condition states a valid claim of medical mistreatment under the Eighth Amendment." <u>Id</u>. (citations omitted).

Not every claim by a prisoner that medical treatment has been inadequate states an Eighth Amendment violation. Alleged negligent conduct with regard to inmates' serious medical conditions does not rise to the level of a constitutional violation. Alleged medical malpractice does not become a constitutional violation merely because the alleged victim is a prisoner. <u>See</u> <u>Estelle</u>, 429 U.S. at 106, <u>McElligott</u>, 182 F.3d at 1254, <u>Hill</u>, 40 F.3d 1176, 1186 (11th Cir. 1994), <u>Palermo</u>, 148 F. Supp. 2d at 1342. Further, a mere difference of opinion between an inmate and the physician as to treatment and diagnosis cannot give rise to a cause of action under the Eighth Amendment. <u>Estelle</u>, 429 U.S. at 106-108.

The Defendant may only be liable if it had knowledge of Hicks' medical condition, <u>Hill</u>, 40 F. 3d at 1191, and acted intentionally or recklessly to deny or delay access to his care, or to interfere with treatment once prescribed. <u>Estelle</u>, 429 U.S. at 104-105. Obviously, Hicks cannot

7

carry his burden. The evidence previously submitted with other Special Reports clearly shows that the Defendant did not act intentionally or recklessly to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. The evidence demonstrates, to the contrary, that appropriate standards of care were followed at all times. (Id.) These facts clearly disprove any claim that the Defendant acted intentionally or recklessly to deny treatment or care.

Hicks claims that delays in receiving medical treatment renders similar to that of "a dog or animal." As verified in the evidence submitted herein, Hicks' waits are not extraordinary nor particular to his medical conditions. [Exhibit "A"]. PHS personnel strive to render the highest quality treatment under the circumstances and multiple claims for multiple prisoners can all occur simultaneously. As with any general practitioner in a free world environment, delays and waits can and will occur depending upon the quantity and quality of medical claims being asserted. Here, Hicks offers no evidence that PHS personnel intentionally denied him access to care nor does he present any facts that such a delay was done with the necessarily "deliberate indifference."

**B.    Prison Health Services Is Entitled To Qualified Immunity Arising Out Of The Claims Asserted By Charles Hicks In His Complaint.**

The Defendant is, further, entitled to qualified immunity from all claims asserted by Hicks in this action. There is no argument that the Defendant was not acting within the scope of its discretionary authority. See Eubanks v. Gerwen, 40 F. 3d 1157, 1160 (11th Cir. 1994); see also Jordan v. Doe, 38 F. 3d 1559, 1566 (11th Cir. 1994). Because the Defendant has demonstrated that it was acting within the scope of its discretionary authority, the burden shifts to Hicks to show that the Defendant violated clearly established law based upon objective standards. Eubanks, 40 F. 3d at 1160. The Eleventh Circuit requires that before the Defendant's

actions can be said to have violated clearly established constitutional rights, Hicks must show that the right allegedly violated was clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. See Brescher v. Von Stein, 904 F.2d 572, 579 (11th Cir. 1990) (quoting, Anderson v. Creighton, 483 U.S. 635, 640, (U. S. 1987)). The question that must be asked is whether the state of the law in 2006 gave the Defendant fair warning that its alleged treatment of Hicks was unconstitutional. Hope v. Pelzer, 536 U.S. 730, 741 (U.S. 2002).

Therefore, to defeat summary judgment, Hicks must be able to point to cases with "materially similar" facts, within the Eleventh Circuit, that would alert the Defendant to the fact that its practice or policy violates his constitutional rights. See Hansen v. Soldenwagner, 19 F.3d 573, 576 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." Lassiter v. Alabama A & M Univ., Bd. of Trustees, 28 F. 3d 1146, 1151 (11th Cir. 1994). The Defendant submits that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Courts sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that these alleged actions violated Hicks' constitutional rights. The Defendant has provided Hicks with

appropriate medical care at all times and he has received appropriate nursing care as indicated for treatment of his condition.

## V. <u>CONCLUSION</u>

Charles Hicks is the poster boy for the enforcement of the Prison Litigation Reform Act. As argued in his first three cases, Hicks' complaints are due to be dismissed because he failed to follow administrative procedures. Here, his Complaint is more vague and may not necessarily fall under a PLRA type fact situation. Nevertheless, his claims are frivolous and unsupportable by the facts.

Charles Hicks has received appropriate medical care each and every time he has sought such treatment from PHS employees. If such treatment came with commiserate delays, such delays were not the result of a deliberate indifference to Mr. Hicks' medical condition. Rather, any delays that did occur not only do not rise to constitutional deprivation but, more likely, constitute evidence of a typical struggle a medical practitioner might have in addressing a large number of complaints within a limited amount of time.

For the reasons set out herein, as well as the evidentiary submissions in opposition to Charles Hicks' first, second, and third Complaints, the Defendant respectfully requests that Hicks' Complaint be dismissed with prejudice.

Respectfully submitted,

/s/ PAUL M. JAMES, JR.
Alabama State Bar Number JAM017
Attorney for Defendant
Prison Health Services, Inc.

10

RUSHTON, STAKELY, JOHNSTON &
GARRETT, P.A.
P. O. Box 270
Montgomery, AL  36101-0270
Telephone: (334) 206-3148
Fax: (334) 262-6277
E-mail: pmj@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail

this the 16th day of April, 2007, to:

Charles Hicks (AIS# 246241)
P. O. Box 220410
Deatsville, AL  36022

The Clerk of Court, using the CM/ECF system will send notification of this filing to the following:

Greg Biggs, Esq.
Assistant Attorney General
Alabama Department of Corrections
Legal Division
P. O. Box 301501
Montgomery, AL  36130

/s/  PAUL M. JAMES, JR. (JAM017)
Attorney for Defendant
Prison Health Services, Inc.

# EXHIBIT A

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARLES HICKS, (AIS #246241),        *

                                     *

        Plaintiff,                   *

                                     *        2:07-CV-148-MEF
V.                                   *

                                     *
RICHARD ALLEN, et al.
                                     *
        Defendants.                  *

### AFFIDAVIT OF DARRYL ELLIS, DIRECTOR OF NURSING

BEFORE ME, _Annie Latimore_ a notary public in and for said County and State, personally appeared **DARRYL ELLIS, DIRECTOR OF NURSING**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of her ability, information, knowledge and belief, as follows:

"My name is Darryl Ellis. I am over the age of twenty-one and am personally familiar with all of the facts set forth in this Affidavit. I have been a licensed, registered nurse in Alabama since 1995. I hold an Associates Degree in nursing from Troy State University. Since 1995, I have practiced as a registered nurse in a variety of positions and settings. In particular, I have worked at Staton Correctional Facility in Elmore, Alabama as a LPN since 1985 and as a registered nurse since 1995. Staton Correctional Facility also provides treatment to inmates at Frank Lee Youth Center in Deatsville, Alabama. Since October 2005, I have been employed as the Director of Nursing for Staton Correctional Facility by Prison Health Services, Inc., the company which currently

contracts with the Alabama Department of Corrections to provide medical services to inmates.

It is my understanding that Charles Hicks has filed suit in this matter alleging that "he had to wait too long to see the doctor on February 15, 2007." Mr. Hicks' allegations are unfounded, as this inmate has been provided appropriate care at all times and his known medical complaints and conditions have been addressed as promptly as possible under the circumstances.

Based on my review of Mr. Hicks' records, he was not seen in our facility on February 15, 2007. However, he was seen prior to this date on February 9, 2007. He was seen by a nurse at 8:55 a.m. and his vital signs were taken at that time. Mr. Hicks was immediately placed back in line to be seen by the doctor. The waiting period varies due to what emergencies may be going in the healthcare unit. The most an inmate should have to wait before being seen by a doctor is two hours.

With respect to his allegation of having to wait a long time before receiving food while waiting to see a doctor, Chow Time is between 10:00 and 10:30 a.m. and enough food is brought to the facility for inmates who may be waiting to be seen by a doctor.

Based on my review of Mr. Hicks' medical records, and my personal knowledge of treatment provided to him, it is my opinion that all of his medical conditions and complaints have been evaluated in a timely fashion at Staton Correctional Facility, and that his diagnosed conditions have been treated in a timely and appropriate fashion. It is my opinion that the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate."

Further affiant sayeth not.

_Darryl Ellis_

DARRYL ELLIS
DIRECTOR OF NURSING

STATE OF ALABAMA          )
                          )
COUNTY OF _Elmore_        )

Sworn to and subscribed before me on this the ____ _13th_ ____ day of
_Apr 1_, 2007.

_Annie Latimie_

Notary Public

My Commission Expires:
_12/06/2008_