IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES HICKS, # 246241, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:07cv148-MEF |
| | ) | (WO) |
| RICHARD ALLEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The defendants filed an answer and special report in compliance with the orders of this court in which they addressed the plaintiff's claims for relief.  Specifically, the defendants filed affidavits and relevant evidentiary materials that refuted the allegations presented in the plaintiff's complaint.  The court thereafter issued an order directing the plaintiff to file a response to the defendants' special report.  *See* Order of April 17, 2007, Doc. # 16.  The plaintiff was advised that his failure to respond to the defendants' written report would be treated by the court as **"an abandonment of the claims set forth in the complaint and as a failure to prosecute this action."**  *Id*. at 2 (emphasis in original). Additionally, the plaintiff was **"specifically cautioned that [his failure] to file a response in compliance with the directives of this order"** would result in dismissal of this case. *Id*. The time allotted to the plaintiff for filing a response expired on May 7, 2007.  As of the present date, the plaintiff has filed nothing in opposition to the defendants' written report as required by the court's prior orders despite being given ample opportunity to do so.  In light

of the foregoing, the court concludes that this case should therefore be dismissed.

The court has reviewed the file in this case to determine whether less drastic sanctions than dismissal are appropriate and finds that under the facts of this case dismissal is the proper sanction. The plaintiff is an indigent state inmate and it is clear from the pleadings filed by the plaintiff that an imposition of monetary or other punitive sanctions against the plaintiff would be ineffectual. Moreover, the plaintiff has exhibited a lack of respect for this court and its authority as he has failed to respond to the orders entered in this case. It is therefore clear that any additional effort by this court to procure the plaintiff's compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to prosecute this cause of action warrant dismissal of this case.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed for the plaintiff's abandonment of his claims, failure to prosecute this action and failure to comply with the orders of the court. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **August 30, 2007.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 17th day of August, 2007.

                    /s/Charles S. Coody
                 CHARLES S. COODY
                 CHIEF UNITED STATES MAGISTRATE JUDGE